Read, J.
The determination of the question, in this case, depends upon the construction of section 4 of the act regulating the taxation and collection of costs. Swan’s Stat. *405. The execution issued by the clerk included the plaintiffs’ costs and costs of the execution, and such costs as might accrue under it. Had the clerk the right to issue such execution? Section 4 of the act above cited is as follows:
“That when the party recovering judgment shall neglect to sue out execution immediately, or after such execution shall have been returned without satisfaction of costs, the clerk may, (or his own benefit, or shall, at the instance of any person entitled to fees, in a bill of costs, taxed against either party, and by order *264 of court, issue against the party indebted to such clerk or other person, for such fees, whether plaintiff or defendant, an execution to compel the party to pay his own costs.”
The form of the writ prescribed, commands the sheriff to make not only the original costs for which the writ issued, but also the costs of the writ itself so issued, and all the costs that may accrue. Thus, the person against whom this process under the act issued, is charged with the costs of such process, as well as the original amount of costs adjudged against him.
The question then is: May the clerk, at his own instance, and for his own benefit, or the instance of any person interested in the costs, issue such process without an order of court; or, if there must be an order of court authorizing it, must it be a special order in each case, or may it be upon a general and standing order of the court for all cases ?
Must there be an order at all to authorize the clerk to issue? The object of the statute is to confer power upon the clerk to issue execution for the costs due himself and others, when the party having judgment fails to do so; or, where doing so, the execution is -returned unsatisfied. It was to enable the persons to whom the costs were due to collect the same, without awaiting the tardy action of the parties to the suit, or from being driven to a distinct action to recover the same.
The whole solution of this question depends upon the fact, whether the clause, “by order of the court,” refers to the taxation of costs, or to issuing the writ of excution. The clause of the act is in these words: “The clerk may, for his own benefit, *or shall, at the instance of any person entitled to fees in the bill of costs, taxed against either party, and by order of the court, issue against the party indebted.” Shall he not then issue for costs regularly taxed, in accordance with the foe bill, and such costs as, by order of court, may be taxed against either party? The court often directs one party to pay costs which he wmuld not,* except for such order, be compelled to pay, as a condition to some favor which he seeks at the hands of the court, that delays or is detrimental to the other party. How can the clerk issue immediately (upon the contingency happening named in the statute), if he is to await the order of the court to issue? Why say he shall issue at the instance of any person entitled, if it can only be done by order of the court ? Why should it be done by *265 order of the court? The amount of costs are already ascertained by the original judgment.
It would read, on this construction, “the clerk shall issue, at the instance of the person entitled, and by order of court.” The clerk shall issue by order of the court. This he would have been compelled to do without this act. Whenever the court award execution for costs, it is the duty of the clerk to issue it. What is awarding execution but ordering execution ? It then comes to this: that, whenever the court order execution, the clerk shall issue. Why, then, say he shall issue at the instance of the party entitled? It appears to me, that the phrase, “by order of the court,” applies to taxation of costs, and embraces such costs as the court order, in the progress of a suit, either party to pay.
We all are of opinion, that a special order is in no case necessary ; but a general order, directing the clerk to issue in all cases, as in the order set out, is sufficient to authorize the clerk to issue a writ of execution for costs. Upon the construction, that some order of the court is necessary to authorize a clerk to issue execution under the statute for costs, a general order is a full compliance with the statute; and, hence, it is not necessary to decide more than this point to determine this case.
*Such general order, being in full force at the time that the clerk issued the execution, the court below erred, both in setting aside the execution, and taxing the costs accruing under the same to the clerk. Proceedings reversed'.